# HIRAM A. POOL, for the use of
## CYRUS NILES,

### *v.*

### ELIJAH MARSHALL.

1. CAUSE OF ACTION. A and B purchased certain premises from C, encumbered by the same mortgage. At the time of the conveyance to A, by a parol agreement between A and C, A retained a portion of his purchase money with which to discharge the incumbrance, and which he subsequently did. In an

action by A against B, to recover the proportion which equitably attached to B's land: *Held,* that he could not recover—A having discharged the mortgage, *not* with his *own* money, but with the funds of C, their common grantor, which he had retained out of his purchase money for that purpose.

2.  Evidence—*parol.*   And in such case, there can be no objection to proving such fact by parol.

Writ of Error to the Circuit Court of Woodford county; the Hon. S. L. Richmond, Judge, presiding.

This was an action of assumpsit, brought by the plaintiff in error, Hiram A. Pool, for the use of Cyrus Niles, in the court below, against the defendant in error, Elijah Marshall, to recover money alleged to have been paid to his use.   Judgment was rendered for the defendant in the court below, where the case was tried before a jury, to reverse which, the record is brought to this court by writ of error.   The further facts are stated in the opinion.

Mr. Cyrus Niles and Mr. T. M. Shaw, for the plaintiff in error.

Messrs. Ingersoll & McCune and Mr. S. D. Puterbaugh, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court:

It is insisted by the plaintiff in error in this case, who was also plaintiff below, that he and the defendant had purchased land incumbered by the same mortgage; that he had been obliged to pay the entire mortgage debt, and that, having done so, he should be permitted to recover from the defendant the proportion which equitably attached to the latter's land.   The difficulty with this argument is, that it does not fit the facts. It was not the plaintiff who paid the mortgage, but Baker, the common grantor of both plaintiff and defendant.   The

56—48th Ill.

plaintiff was merely the agent through whom payment was made. It was not his money that was paid, but the money of Baker, retained by the plaintiff in his hands from the purchase money of his share of the land, and retained for the express purpose of paying the mortgage. Neither was there any objection to proving this fact by parol. It did not vary a written instrument. It was simply proof of a fact *in pais,* entirely in harmony with the conveyances from Baker to both plaintiff and defendant.

The verdict and judgment were clearly right.

*Judgment affirmed.*